IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELSEY SEMENUK and DEANDRA BRUCE, )
)
    Plaintiffs, )
)
v. ) Civil Action No.:
)
ANGELA ARDOLINO, )
)
    Defendant. )
)

## COMPLAINT

COME NOW the Plaintiffs, KELSEY SEMENUK and DEANDRA BRUCE (collectively "PLAINTIFFS") and file this Complaint against Defendant, ANGELA ARDOLINO ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFFS were citizens and residents of Florida.

3. At all material times, DEFENDANT was an individual that owned and operated a dog grooming business called Beautify the Beast located in Hillsborough County, which is where PLAINTIFFS were employed at all relevant times.

## BACKGROUND

4. PLAINTIFFS brings this action to require DEFENDANT to pay back wages owed to PLAINTIFFS, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act and DEFENDANT had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

6. At all relevant times, DEFENDANT had two or more employees including PLAINTIFFS who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was PLAINTIFFS' employer as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around February 2018, DEFENDANT hired PLAINTIFF SEMENUK to work as a dog groomer.  In or around November 2017, DEFENDANT hired PLAINTIFF BRUCE to work as a dog groomer.  PLAINTIFFS continued working as dog groomers for DEFENDANT until they quit their jobs in November 2021.

10. DEFENDANT agreed to pay PLAINTIFFS on a commission basis, giving them each fifty percent of the amount DEFENDANT billed for their grooming services plus tips.

11. DEFENDANT breached its agreement with PLAINTIFFS by failing to pay them all of their commissions and tips.

12. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked.

13. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFFS were

14. not paid at least minimum wage for all their work and DEFENDANT wrongfully withheld tips from PLAINTIFFS.

14. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFFS at least minimum wage for time they worked in November 2021.

15. PLAINTIFFS are therefore owed compensation for time actually worked but not paid, and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT has two or more employees, including PLAINTIFFS, who handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

19. PLAINTIFFS at all relevant times were non-exempt employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which they received no compensation.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFFS by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFFS at a rate of at least minimum wage violates the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate properly PLAINTIFFS for all compensable hours was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFFS, they have suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFFS minimum wage for all the hours they worked but did not receive compensation, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFFS demands judgment against DEFENDANT and respectfully pray the Court that PLAINTIFFS will recover minimum wage for every hour worked, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFFS and DEFENDANT entered into agreement pursuant to which PLAINTIFFS were to be paid 50 percent of the amounts DEFENDANT billed for their services and PLAINTIFFS were also supposed to receive their tips.

28. PLAINTIFFS performed as agreed pursuant to their agreement with DEFENDANT,

but DEFENDANT breached the agreement by not paying PLAINTIFFS for some of their work in November 2021.

29. In that regard, DEFENDANT owes PLAINTIFF SEMENUK at least $1,413 in commissions and $545.50 in tips and PLAINTIFF BRUCE approximately $350 in commissions and tips.

30. As a result of DEFENDANT'S failure to pay PLAINTIFFS properly, they have suffered delay in receipt of their wages and been required to retain an attorney to help get their pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANT and respectfully pray the Court that PLAINTIFFS will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  January 26, 2022

    Respectfully submitted,

    **THE LAW OFFICE OF MATTHEW BIRK**

    **/s/ Matthew W. Birk**
    **Matthew W. Birk**
    Florida Bar No.:  92265
    309 NE 1st Street
    Gainesville, FL  32601
    (352) 244-2069
    (352) 372-3464 FAX
    mbirk@gainesvillleemploymentlaw.com
    ATTORNEYS FOR PLAINTIFFS